IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRADSHAW, <br> Reg. #86265-408, <br><br> Petitioner, <br><br> v. <br><br> CHAD GARRETT, Warden, <br> FCI - Forrest City <br><br> Respondent. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | No. 2:23-cv-00170-JJV |

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

Petitioner Christopher Bradshaw, an inmate at the Forrest City Low Federal Correctional Institution, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") violated his due process rights in the disciplinary hearing process. (*Id*. at 1-2.) After careful consideration of Mr. Bradshaw's Petition as well as the Response (Doc. No. 9), I find the Petition must be denied.

## II. FACTS

On September 3, 2022, Mr. Bradshaw was charged with committing a Prohibited Act Code 110, refusing a drug or alcohol test. (Doc. No. 9-2 at 10.) According to the incident report, an officer escorted Mr. Bradshaw to the bathroom to collect a urine sample and noticed he was acting suspiciously and attempting to turn from view. (*Id*.) When the officer ordered Mr. Bradshaw to turn back around, he observed a small dish detergent bottle in Mr. Bradshaw's hand. (*Id*.) The bottle contained a yellow liquid consistent with urine. (*Id*.) Mr. Bradshaw was placed in special housing, and the matter was referred to the disciplinary hearing officer ("DHO"). (*Id*. at 10-11.)

Mr. Bradshaw was provided a copy of the incident report and advised of his rights that same day. (*Id*. at 10, 12.)

The disciplinary hearing was held on September 14, 2022. (*Id*. at 18.) Mr. Bradshaw waived his right to have a staff representative present and his right to call witnesses. (*Id*. at 18-19.) He did provide a statement, which was summarized as follows in the DHO's report: "I did not have a bottle period. The officers were Brasher and Dillinger." (*Id*. at 18.) The DHO determined the act was committed as charged, relying on the incident report as well as the chain of custody form for the urine sample and a photograph of the dish detergent bottle. (*Id*. at 19-20.) The DHO concluded the officer's account was credible and was corroborated by the documentary evidence. (*Id*. at 20.) The DHO also noted that, while Mr. Bradshaw denied the charge, he did not provide any exculpatory evidence. (*Id*.) As a sanction, Mr. Bradshaw lost forty-one days of good-conduct time and lost phone and e-mail privileges for 180 days. (*Id*.)

After exhausting his administrative remedies through the BOP's Administrative Remedy Program, Mr. Bradshaw filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) He contends his efforts to administratively appeal were hindered because he did not receive a copy of the DHO's report in a timely fashion. (*Id*. at 1.) He says he submitted his first appeal without having seen the report and later discovered the DHO did not accurately summarize the statement he made at the hearing. (*Id*.) According to Mr. Bradshaw, he would have raised questions "of failure to actually test the provided sample, the alleged liquid contained in the bottle that staff alludes to, and inquiries as to the process by which [he] could challenge the actual testing process itself as well as the validity of the process." (*Id*.) Respondent Chad Garrett, Warden of the Forrest City FCI, responds that Mr. Bradshaw received all the process due him. (Doc. No. 9 at 4-5.)

III.   ANALYSIS

In the context of prison disciplinaries, due process requires (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence in defense, and (3) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). These requirements were satisfied here. Mr. Bradshaw received written notice of the charge on the same date as the alleged offense, over a week before the hearing was held. (Doc. No. 9-2 at 10.) He was given an opportunity to call witnesses and present documentary evidence in his defense, which he declined. (*Id*. at 14.) And the DHO provided a written statement detailing both the evidence relied on (the incident report, including the officer's statement, as well as the photograph and chain of custody form) and the reasons for the sanction (the officer's account was credible and corroborated, and Mr. Bradshaw failed to provide any exculpatory evidence). (*Id*. at 19-20.) Mr. Bradshaw claims he did not receive this report in a timely fashion, hampering his appeal efforts. (Doc. No. 1 at 1.) But as Respondent points out, Mr. Bradshaw's first appeal was due twenty days after the DHO's report was delivered to him. (Doc. No. 9-2 at 3, 21, 24.) Mr. Bradshaw decided to file it early, and any issues that arose because he had not yet seen the report are of his own making. Moreover, Mr. Bradshaw was clearly able to successfully navigate the administrative remedy process. (*Id*. at 24-33.)

Due process also requires that a prison disciplinary be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Determining the sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. Instead, the relevant question is whether there is "any evidence in the record that could support the conclusion reached" by the hearing officer. *Id*. at 455-56. "[A] report from a correctional officer, even if disputed by the inmate and

3

supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Here, the incident report alone would have sufficed as "some evidence" to support the DHO's decision, and it was further corroborated by the photograph of the dish detergent bottle containing what appeared to be urine and the chain of custody form showing Mr. Bradshaw failed to provide a sample. (Doc. No. 9-2 at 20.) Mr. Bradshaw's claims regarding failure to test simply do not demonstrate a due process violation.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Bradshaw's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED.

SO ORDERED this 15th day of December 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE